Filed 7/18/16  Du Toit v. Englund CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MONIQUE M. Du TOIT,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ROBERT BARTON ENGLUND,<br><br>    Defendant and Respondent. | G051872<br><br>(Super. Ct. No. 30-2014-00749480)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge.  Affirmed.

Monique M. Du Toit, in pro. per.; and Larned B. Fowler for Plaintiff and Appellant.

Wellman & Warren, Scott W. Wellman, Stuart M. Miller and Anabella Q. Bonfa for Defendant and Respondent.

\*        \*        \*

## INTRODUCTION

In a prior lawsuit, Monique M. Du Toit (Plaintiff) asserted against Robert Barton Englund (Defendant) various causes of action arising out of or related to a written partnership agreement to which she was not a named party. The trial court sustained without leave to amend demurrers to the first amended complaint in the prior lawsuit on the ground Plaintiff was not a third party beneficiary of the partnership agreement. Plaintiff did not appeal from the subsequent judgment of dismissal.

In the present lawsuit, Plaintiff asserted against Defendant various causes of action arising out of or related to the same partnership agreement that was the subject of the prior lawsuit. The trial court sustained Defendant's demurrer without leave to amend on the ground Plaintiff's causes of action were barred by res judicata or collateral estoppel. Exercising de novo review (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865), we affirm.

## ALLEGATIONS AND PROCEDURAL HISTORY

### I. The Prior Lawsuit

Plaintiff's first amended complaint in the prior lawsuit alleged:

In 1994, Defendant and Theodore D. Phillips entered into an oral contract (the 1994 Oral Contract) by which they purchased a house on Bluebird Canyon Drive in Laguna Beach (the Bluebird Canyon House). Title to the Bluebird Canyon House was taken in Defendant's name only. Phillips moved into the Bluebird Canyon House. Phillips and Plaintiff wed in 1998.

In February 2001, Defendant and Phillips entered into a written contract (the 2001 Contract) by which they agreed (1) they had purchased the Bluebird Canyon House in partnership in 1995, (2) Phillips owed Defendant $70,000, and (3) if Defendant died, the Bluebird Canyon House would "be deeded" to Phillips.

In April 2003, Defendant and Phillips entered into a second written contract (the 2003 Contract) "to define the contract between [them]." The 2003 Contract

2

confirmed that Defendant and Phillips were "in partnership concerning" the Bluebird Canyon House, recited the history of their purchase of that house, recited the terms of the 1994 Oral Contract and the 2001 Contract, and set forth the terms of distribution of proceeds from and sale of the Bluebird Canyon House. The 2003 Contract stated that in case of death, "[a]ll conditions mentioned above are to be honored by [Defendant]'s spouse Nancy Englund and Mr. Phillip[s]'s spouse [Plaintiff]." Neither Nancy Englund nor Plaintiff was a party to the 2003 Contract.

In July 2010, Phillips filed for divorce from Plaintiff. Phillips and Defendant have been in wrongful possession of the Bluebird Canyon House since October 2010.

A joint venture or partnership exists among Plaintiff, Defendant, and Phillips "in regards to the [Bluebird Canyon House] as referenced in the April 22, 2003, Written Contract." Plaintiff is not a party to the 2003 Contract but is a third party beneficiary of it. Defendant and Phillips breached their fiduciary duties owed to Plaintiff by denying that she is a partner to the joint venture or partnership and by contending she has no ownership interest in the Bluebird Canyon House.

Plaintiff's first amended complaint in the prior lawsuit alleged five causes of action: (1) breach of a written contract, (2) declaratory relief and imposition of a constructive trust, (3) specific performance, (4) cancellation of a written instrument, and (5) quasi-contract/unjust enrichment. Plaintiff also asserted a cause of action for breach of fiduciary duty against Phillips only. Plaintiff sought a declaration that she and Phillips are the "true owners" of the Bluebird Canyon House and Defendant has no right to the property.

## II. Judgment of Dismissal in the Prior Lawsuit

Defendant demurred to the first amended complaint in the prior lawsuit and moved to strike portions of it. Phillips joined in the demurrer and motion to strike. The

3

trial court sustained the demurrers without leave to amend and granted the motions to strike. A formal order and judgment of dismissal were entered in December 2013.

In the order and judgment, the trial court found that Plaintiff was not a third party beneficiary of the 2003 Contract between Defendant and Phillips and, as a result, she lacked standing to assert the first through fifth causes of action "which each arise from and rely on the Agreement." Plaintiff did not appeal from the judgment.

### III. The Present Lawsuit

In October 2014, Plaintiff filed the complaint in the present lawsuit (the Complaint). The Complaint repeated the basic allegations of the first amended complaint in the initial lawsuit. The Complaint alleged again that a partnership was formed among Plaintiff, Phillips, and Defendant for purposes of owning the Bluebird Canyon House pursuant to the 1994 Oral Contract, the 2001 Contract, and the 2003 Contract. The Complaint also alleged that Defendant sold the Bluebird Canyon House in January 2014 to defendants Joseph Rice and Gabriella Rice for less than $650,000 when the property had a value of $2.5 million to $3 million.

The Complaint asserted five causes of action. In the first cause of action, Plaintiff alleged that Phillips and Defendant breached the contracts by failing to pay her the value of her partnership interest. In the second cause of action, for quasi-contract/ unjust enrichment, Plaintiff alleged that Joseph Rice and Gabriella Rice wrongfully received title to the Bluebird Canyon House "contrary to Plaintiff and Phillips having performed their obligations pursuant to the written contract, dated April 22, 2003." In the third cause of action, for breach of fiduciary duty, Plaintiff alleged that Defendant and Phillips breached fiduciary duties they owed her as a partner by selling the Bluebird Canyon House for an amount below market value. In the fourth cause of action, for fraudulent transfer, Plaintiff alleged that Defendant and Phillips fraudulently transferred the Bluebird Canyon House to Joseph Rice and Gabriella Rice. In the fifth cause of action, for constructive fraudulent transfer, Plaintiff alleged Defendant and Phillips

4

transferred the Bluebird Canyon House to Joseph Rice and Gabriella Rice without receiving a reasonably equivalent value in exchange.

### IV.  Judgment of Dismissal in the Present Lawsuit

Defendant demurred to the Complaint on the grounds the first and second causes of action were barred by res judicata and the third, fourth, and fifth causes of action were barred by collateral estoppel.  The trial court sustained the demurrer without leave to amend, and an order and judgment was entered.

In the order and judgment, the trial court ruled:  "This court previously ruled in *Du Toit v. Englund*, case number 30-2012-00610418, that plaintiff Du Toit had no interest in the real property and was not an intended third-party beneficiary to the contract, and therefore she had no standing to assert her claims.  The five causes of action stated in this pending action all arise from the same facts, are premised on the same contract regarding the same real property, and are all based on the same claims and issues raised in the prior action against defendant Englund.  [¶]  The first and second causes of action are barred by the doctrine of res judicata.  The third, fourth, and fifth causes of action are barred by the doctrine of collateral estoppel.  Defendant Englund's demurrer to the [C]omplaint is sustained without leave to amend."

Plaintiff did not seek leave to amend and timely appealed from the judgment.

### DISCUSSION

The doctrine of res judicata has two aspects:  claim preclusion and issue preclusion.  (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 828, 829.)  "In its narrowest form, res judicata '"precludes parties or their privies from relitigating a *cause of action* [finally resolved in a prior proceeding]."'  [Citation.]"  (*Id.* at p. 828.)  Under res judicata, a prior judgment bars a subsequent lawsuit on the same cause of action between the parties or their privies.  (*Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 972-973.)  Res judicata bars a subsequent lawsuit if three elements are

5

established: (1) the prior lawsuit resulted in a final judgment on the merits; (2) the lawsuit sought to be barred is on the same cause of action as the prior lawsuit; and (3) the party against whom claim preclusion is sought was a party or in privity with a party to the prior lawsuit. (*Id.* at p. 974.)

"But res judicata also includes a broader principle, commonly termed collateral estoppel, under which an *issue* '"necessarily decided in [prior] litigation [may be] conclusively determined *as* [*against*] *the parties* [*thereto*] *or their privies* . . . in a subsequent lawsuit on a *different* cause of action."'' [Citation.]" (*Vandenberg v. Superior Court*, *supra*, 21 Cal.4th at p. 828.) Collateral estoppel or issue preclusion bars relitigation of issues actually decided in the prior lawsuit. (*Mooney v. Caspari* (2006) 138 Cal.App.4th 704, 717.) Collateral estoppel applies if (1) the issue necessarily decided in the prior lawsuit is identical to the one which is sought to be relitigated; (2) the prior lawsuit resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior lawsuit. (*Ibid.*)

Defendant argues, and the trial court found, that the first two causes of action of the Complaint are barred by the claim preclusion aspect of res judicata. In her appeal, Plaintiff does not challenge that ruling as to the second cause of action. We do not address claim preclusion as to the first cause of action[1] because the first, third, fourth, and fifth causes of action are barred by collateral estoppel. Plaintiff did not allege she was a named party to the 2003 Contract between Defendant and Phillips. In the initial lawsuit, the trial court found that Plaintiff was not a third party beneficiary of the 2003

---

[1] Because the appeal may be decided based on collateral estoppel, we do not address whether the breach of contract cause of action of the present lawsuit is barred by claim preclusion, which raises knotty and complicated issues regarding the primary rights theory. (See *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904.)

6

Contract. Adjudication of that issue, which became final when Plaintiff failed to appeal from the prior judgment, resolved the first, third, fourth, and fifth causes of action.

The determination that Plaintiff was not a third party beneficiary of the 2003 Contract means that Plaintiff cannot sue for its breach (first cause of action) or for breach of fiduciary duties arising out of that agreement (third cause of action). Because the Bluebird Canyon House was, according to the Complaint, owned by the partnership, and Plaintiff was not a named party to or third party beneficiary of the partnership agreement, she had no interest in the Bluebird Canyon House. As a consequence, any transfer of the Bluebird Canyon House by Defendant was not fraudulent as to Plaintiff.

Plaintiff argues that neither claim preclusion nor issue preclusion bars the first cause of action because the first amended complaint in the prior lawsuit was based only on the 2003 Contract, while the Complaint in the present lawsuit is based on the 1994 Oral Contract. Thus, she argues, the determination that she was not a third party beneficiary of the 2003 Contract does not bar her from suing under the 1994 Oral Contract.

The breach of contract cause of action in the first amended complaint in the prior lawsuit was premised on the 2003 Contract and sought damages based on its breach. But the 2003 Contract and the 1994 Oral Contract did not create two separate partnerships; both are part of the same agreement concerning the same partnership. The stated purpose of the 2003 Contract was to "define the contract" (capitalization omitted) between Defendant and Phillips regarding the Bluebird Canyon House. The 2003 Contract states that Defendant and Phillips "are in partnership concerning Real Estate investment made on August 9, 1994 on [the Bluebird Canyon House]" and recites in full the terms of the 1994 Oral Contract and the 2001 Contract.

The Complaint in the present lawsuit did not make a distinction between a partnership created by the 1994 Oral Contract and a partnership created by the 2003 Contract. The Complaint alleged the terms of the 1994 Oral Agreement, the 2001

7

Contract, and the 2003 Contract, in precisely the same terms as did the first amended complaint in the prior lawsuit. In the first cause of action (breach of contract), Plaintiff alleged she complied with the significant terms of "the Partnership" and Englund failed to perform the terms of "the Partnership." Likewise, in the third cause of action (breach of fiduciary duty), Plaintiff alleged Defendant owed her fiduciary duties "as a partner of the Partnership."

The 2003 Contract and the 1994 Oral Contract, along with the 2001 Contract, are components of a single contract governing the partnership between Defendant and Phillips. Because the trial court in the prior lawsuit found that Plaintiff was not a third party beneficiary of the 2003 Contract, she cannot be a third party beneficiary of the 1994 Oral Contract.

## DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

8